UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | Case No. 2:17-cv-00138-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| SIU KEUNG CHAN, et al., | |
| Defendants. | |

On July 8, 2019, after learning that defendants' counsel Mark T. Gallagher apparently has been ineligible to practice law since January 2019, the court ordered Gallagher to show cause as to his eligibility to practice law, failure to notify the court if ineligible and intention to substitute counsel for his clients. Prior Order, ECF No. 30. The order was served by mail on Gallagher and his former law partner, Keith Cable, at their last known address and served electronically on cablelaw@yahoo.com. The order mailed to Gallagher was returned as undeliverable and the court has received no response from Gallagher or Cable. The deadlines set forth in the court's order have passed. *See id.* at 1.

Given Gallagher's silence, the court will provide defendants with 45 days to either obtain new counsel or proceed pro se in this action, as other courts have done under similar circumstances. *See Panah v. California Dep't of Corr. & Rehab.*, No. 14-CV-00166-BLF, 2015 WL 1263494, at *1 n.2 (N.D. Cal. Mar. 19, 2015) ("[B]ecause Mr. Duren is currently not eligible to practice law in California, the Court will provide Plaintiff time to either find new counsel, elect

1

to pursue this action pro se, or file a statement with the Court that Mr. Duren has been returned to active status by the State Bar and will remain counsel of record.") (citing *Bailey v. Ramirez*, 2006 WL 1050163, at *1 (E.D. Cal. Apr. 20, 2006) (granting petitioner's request to substitute pro se after attorney declared ineligible to practice law in California)); *see also Elberson v. Commonwealth of PA*, 2008 WL 906494, No. 1:06–CV–2143, *9 (M.D. Pa. Mar. 31, 2008) (granting plaintiff "30 days to secure counsel admitted to practice in this court, or proceed pro se" where plaintiff's attorney was not authorized to practice law before the court).

Without current addresses for each defendant available to the court,[1] the court DIRECTS the clerk of the court to serve a copy of this order to each defendant at the address of the property at issue in this case, as identified in the complaint:

6530 Florin Rd., Sacramento, California 95828

The court further DIRECTS the clerk of the court to serve both defendant Rita Ngan Chan and defendant Siu Keung Chan with a copy of this order at the address where they were served with the summons in this action:

1095 Breckenridge St., San Leandro, CA 94579-2323

Defendants are hereby notified that their counsel is not eligible to practice law and cannot represent them in this case. The court is providing each defendant with 45 days from the date of this order to either obtain new counsel or notify the court that he or she intends to represent himself or herself as a pro se litigant. Within 45 days, each defendant is ORDERED to file a document with the clerk of the court identifying the defendant's new attorney or indicating his or her wish to proceed pro se in this case.

/////
/////
/////
/////
/////

---

[1] If plaintiff's counsel are aware of more current addresses for the defendants, they are encouraged to alert the court to those addresses immediately.

For good cause shown, plaintiff's ex parte application to vacate pretrial deadlines, including the August 1, 2019 final pretrial conference, ECF No. 29, is GRANTED and all deadlines are VACATED, to be reset when appropriate.

IT IS SO ORDERED.

DATED: July 30, 2019.

_____
UNITED STATES DISTRICT JUDGE