UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SIU KEUNG CHAN, et al.,<br><br>        Defendants. | No. 2:17-cv-00138-KJM-AC<br><br><br>ORDER |

Defendants move for reconsideration of this court's June 11, 2019 order granting in part and denying in part plaintiff's motion for summary judgment, ECF No. 27, under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Mot., ECF No. 34. Plaintiff opposes the motion. Opp'n, ECF No. 36. At hearing, Bradley Smith appeared for plaintiff and Richard Morin and Bryce Fick appeared for defendants Siu Keung Chan and Rita Ngan Chan. For the reasons discussed below, the motion for reconsideration is GRANTED.

    I.    <u>BACKGROUND</u>

This is an action for violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act. The plaintiff is a C-5 quadriplegic who uses a motorized wheelchair and has significant manual dexterity impairments. Compl., ECF No. 1. The defendants own or owned the physical premises of a Subway restaurant located at 6530 Florin Road, Sacramento, California. *Id.* ¶¶ 2-13; Answer, ECF No. 7. Plaintiff alleges the

1

restaurant failed to provide ADA-mandated disability accommodations, causing him difficulty, discomfort and frustration. Compl. ¶¶ 21—37, 68-69.

On April 20, 2018, plaintiff moved for summary judgment. Mot. Summ. J., ECF No. 22. On June 12, 2019, after the deadline for defendants to file an opposition to the motion passed, the court issued an order granting the majority of plaintiff's claim, excepting an issue relating to the paint on the disabled parking spot at the restaurant. Order Mot. Summ J., ECF No. 27. The order awarded both injunctive relief, directing defendants to make the required disability accommodations, and a civil penalty of $8,000.00. *Id.*

On July 1, 2019, plaintiff filed an ex parte application to vacate trial dates and order defendants to appear, contending that they could not reach defendants through their counsel of record, Mark T. Gallagher. Ex Parte Appl., ECF No. 29. The application stated that Mr. Gallagher had lost his license to practice law as of January 18, 2019 and the California State Bar was in the process of disbarring him for several ethics violations. Appl., Ex. 2, ECF No. 29-4. The court takes notice of State Bar records reflecting that Mr. Gallagher defaulted at a State Bar Court proceeding on January 15, 2019. *In the Matter of Mark T. Gallagher- #180514*, 18-O-13772-CV (Cal. State Bar Ct., Jan. 15, 2019). The Supreme Court of California has since ordered Mr. Gallagher disbarred, on October 31, 2019. *In re Mark T. Gallagher on Discipline*, 18-O-13772-CV, slip op. S256339 (Cal. S. Ct. Oct. 31, 2019). Following plaintiff's July 1 application and before Mr. Gallagher's disbarment, on July 8, 2019, this court issued an order to show cause to Mr. Gallagher, which was returned as undeliverable. Order to Show Cause, ECF No. 30. On July 30, 2019, the court issued an order notifying defendants their counsel was ineligible to practice law and directing them to find new counsel or proceed pro se. Order, ECF No. 31.

On August 19, 2019, the court authorized new counsel Richard J. Morin to substitute as counsel of record for defendants. ECF No. 35. On August 29, defendants filed the instant motion for reconsideration. Mot., ECF No. 34. Defendants aver in support of their motion that Mr. Gallagher told them he would file a motion to dismiss, but in fact they now know he never did. Mot., Declaration of Rita Ngan Chan ("Chan Decl."), ECF No. 34-2. They also allege Mr. Gallagher never told them the motion for summary judgment had been filed; they now

know he did not oppose the motion. *Id.* ¶ 4. Particularly relevant to injunctive relief, defendants assert the Subway restaurant at issue ceased operations in January 2019. Mem. P. & A., ECF No. 34-1 at 2; Chan Decl. ¶ 7. Finally, defendants claim Mr. Gallagher never informed them he was unable to practice law, and that they only became aware of this development after they were served with the court's order directing them to find new counsel. Mem. P. & A. at 2; Chan Decl. ¶ 6.

II. LEGAL STANDARD

As pertinent here, a court may relieve a party from an order under Rule 60 of the Federal Rules of Civil Procedure for "mistake, inadvertence, fraud, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6).

To determine when neglect is excusable, the court examines four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movants acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993) (analyzing excusable neglect under Federal Rules of Bankruptcy Procedure)); *cf. Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (extending *Pioneer* standard of excusable neglect to Federal Rule of Civil Procedure 60(b)(1)).

"As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertsons's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 397). However, attorney error may constitute excusable neglect if the *Pioneer-Briones* factors are met. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

III. DISCUSSION

In this case, plaintiff is not likely to suffer substantial prejudice from reconsideration of the motion for summary judgment. If the Subway restaurant at issue has, in fact, closed, reconsideration of the order for injunctive relief will in no way inhibit plaintiff's ability to frequent that establishment. Plaintiff asserts that having to "re-try aspects of the case

that have been decided already" constitutes prejudice. Opp'n at 3. As noted, however, the motion for summary judgment went unopposed and was submitted without argument. Plaintiff's argument is not persuasive in the context of issues the court decided while defendants were effectively in absentia. The Ninth Circuit rejected just such an argument in *Bateman*, in which it reviewed the reconsideration of summary judgment and concluded that prejudice was insufficient to deny the motion for reconsideration. *Bateman,* 231 F.3d at 1225 ("The prejudice to the Postal Service was minimal. It would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date.").

Here, the delay between the court's order on summary judgment and the motion for reconsideration was relatively short. The court granted summary judgment on June 12, 2019. Crediting the defendants' unchallenged assertions, they had no idea it had been filed, let alone decided, until they received the court's order directing them to find new counsel, issued July 30, 2019. Defendants acted with diligence to find new counsel, who worked quickly to unwind the damage done by Mr. Gallagher to his clients' interests. The delay between the order granting the motion for summary judgment and the motion for reconsideration was less than three months; the time between the Chans' discovery that Mr. Gallagher could not practice law and the filing of the motion for reconsideration, less than a month. Little activity occurred in the case in the interim. Thus, defendants have not unduly delayed their motion for reconsideration.

The third factor, the reason for the delay, weighs in favor of the defendants as well. Although an attorney's failure to attend to his clients' case with due diligence rarely amounts to excusable neglect, this case is distinguishable from other analogous cases. S*ee, e.g.*, *Willis v. JP Morgan Chase Bank, N.A.*, No. 2:17-CV-00366-WBS-AC, 2017 WL 5665834 at *2 (E.D. Cal. 2017) (holding counsel's failure to calendar deadline not excusable neglect); *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (*modified by Bateman*, 231 F.3d at 1223–24). Generally, courts disapprove of attempts to reconsider attorney errors that are simply run-of-the-mill ineptitude. In other cases involving attorney error, the movants continued to act through the attorneys whose

4

errors they were attempting to remedy.  *See, e.g., Yeschick v. Mineta*, 675 F. 3d 622, 628 (6th Cir. 2012) (attorney continued in case after failure to timely remedy defunct email address); *see also Willis*, 2017 WL 5665834 at *1 (attorney continued in case after staffing issue caused failure to meet deadline to file amended complaint).  These decisions reflect the principle that a client has voluntarily chosen his or her attorney as a representative and assented to be bound by the attorney's actions. The *Pioneer* Court articulated the principle as follows:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.

*Pioneer*, 507 U.S. at 397 (citations omitted).

This principle bars a litigant from avoiding the consequences of voluntarily hiring an incompetent attorney, but the principle reaches its limit here.  The movants are not asking for relief from simple incompetence; they were wholly abandoned by their former attorney at a critical time.  Nothing indicates they approved of, knew of, ratified or anticipated his conduct.  Mr. Gallagher's total failure to inform his clients of significant developments and his ultimate disappearance leads the court to conclude he could not have been acting in his clients' behalf when he absented himself from the case.  It would be inequitable to bind the Chans, as principals, based on their attorney's total failure to perform his duties under these circumstances.

The last factor, good faith, is something of a grey area.  There is no indication defendants were neglectful of their case for any reason but that they were kept in the dark by their former counsel.  There is no evidence their attorney acted in good faith in failing to file an opposition to the motion for summary judgment.  He is accused of a degree of such gross neglect in his disbarment proceedings that it seems impossible he could have been acting in good faith.  *See* Ex Parte Appl., Ex. 3, ECF No. 30-5; *see also* Notice of Disciplinary Charges, *In re Mark T. Gallagher*, No. 18-O-13772-CV (Cal. S. Ct. Sept. 18, 2018).  However, as discussed above, when defendants' attorney has effectively vanished, it would be inequitable to impute the attorney's apparent bad faith to his clients.  Defendants could have taken affirmative steps to find out what

was happening in the case.  But absent other evidence defendants knew or should have known their attorney was unlicensed and not representing their interests, the court cannot conclude they acted in bad faith.

In sum, the circumstances here go well beyond an ill-advised hire; movants' attorney exceeded the bounds of simple sloppy lawyering and fully abandoned his clients, leaving them to learn from the court they had failed to oppose a dispositive motion.  Given the defendants' diligence in finding new counsel to unwind the result, and the relative lack of prejudice to the plaintiff from granting the motion, the court finds that granting the motion to reconsider would serve the equitable purposes of the rule.  Because the court grants the motion to reconsider based on excusable neglect under Rule 60(b)(1), it need not reach the parties' other arguments.

IV.     CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to reconsider plaintiff's motion for summary judgment.  All hearing dates currently set are hereby vacated.

The parties have expressed interest in a settlement conference and are amenable to a settlement conference convened by a member of the court's Voluntary Dispute Resolution Panel (VDRP).  Accordingly, this matter is referred to the court's ADR Coordinator, Sujean Park, for prompt referral to VDRP for the convening of a VDRP session to take place in thirty to sixty days thereafter, at which a principal with full settlement authority for each party shall appear. Within seven days of completion of the VDRP session, the parties are ordered to file a Joint Status Report with the court.

IT IS SO ORDERED

DATED: January 15, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE