UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:17-cv-00138-KJM-AC |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SIU KEUNG CHAN, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion for default judgment against defendant Haneshinder Singh Chauhan in this multi-defendant case. ECF No. 54. For the following reasons it is recommended that plaintiff's motion for default judgment be DENIED without prejudice.

**I.  RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on January 23, 2017, asserting multiple causes of action against several defendants. ECF No. 1. Plaintiff alleges that defendant Siu Keung Chan and defendant Rita Ngan Chan own real property through a revocable trust. ECF No. 1 at 2. He further alleges that defendant Haneshinder Singh Chauhan owned a Subway restaurant located at the subject property. Id. at 3. Plaintiff allegedly visited the property and encountered violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Id. at 4-11. Plaintiff seeks injunctive relief under both acts, and statutory damages under the Unruh Act. Id. at 11.

All defendants in this case initially had the same counsel, but counsel was found ineligible to practice law. ECF No. 31. The order regarding counsel's ineligibility was issued on July 30, 2019, and provided 45 days for defendants to obtain new counsel or indicate their wishes to proceed pro se in this case. Id. at 2. Defendants Rita Ngan Chan and Siu Keung Chan obtained new counsel. See ECF No. 53. Noting that defendant Chauhan did not obtain new counsel or appear pro se, the District Judge in this case ordered plaintiff to provide the court with defendant Chauhan's last known residence and to serve defendant Chauhan a copy of the order finding counsel ineligible. ECF No. 47. On June 2, 2020, upon finding that defendant Chauhan still had not appeared with new counsel or appeared pro se, the District Judge ordered plaintiff to move for default judgment against defendant Chauhan before the Magistrate Judge within 30 days. ECF No. 52. On August 25, 2020, a minute order was issued stating that plaintiff had notified the court of settlement as to the Chan defendants only, and vacating all deadlines and hearings as to those defendants only. ECF No. 59. Dispositional documents as to the Chan defendants are due no later than October 19, 2020.

## II.     THE MOTION

Plaintiff moves for default judgment against defendant Chauhan. ECF No. 54. Plaintiff filed a certificate of service. ECF No. 55. None of the defendants, including defendant Chauhan, responded to the motion.

## III.    ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, unless the plaintiff's claim is for a sum certain, the plaintiff must apply to the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). In an action with multiple defendants, entry of default judgment must comply with Fed. R. Civ. P. 54, which states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or *parties only if the court expressly determines that there is no just reason for delay*.

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added).

"The leading case on the subject of default judgments in actions involving multiple defendants is Frow v. De La Vega, 82 U.S. 552 (1872). The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). The Ninth Circuit has "extended the rule beyond jointly liable co-defendants to those that are similarly situated, such that the case against each rests on the same legal theory; it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." Garamendi v. Henin, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (internal citations omitted).

In this case, the undersigned finds that default judgment at this stage of the proceedings would not be appropriate because plaintiff failed to seek entry of default from the Clerk of Court before moving for default judgment. This step ensures adequate notice to the allegedly defaulting defendant, and without it, the motion is premature. For this reason, the motion must be denied without prejudice.

Further, the undersigned finds that even had a default been entered on the docket, plaintiff has not adequately briefed the issue of damages in this case, where the defendants would be jointly and severally liable, and two thirds of the defendants have settled. California district courts have repeatedly held that where there are multiple defendants in an Unruh action, the defendants are jointly and severally liable for penalties. See Love v. Kim, 2019 WL 8167926, at *1 (C.D. Cal. Oct. 18, 2019) ("courts generally award only a single $4,000 statutory damage penalty where multiple defendants who own or operate a business are held liable for an ADA violation"); Johnson v. Express Auto Clinic, Inc., 2019 WL 2996431, *8 (N.D. Cal. 2019)

(entering judgment of "$4,000 in statutory damages" in case where multiple defendants operated a non-compliant gas station); Johnson v. Ramirez Ltd. P'ship, 2019 WL 2315290, *8 (E.D. Cal. 2019) ("award[ing] a total of $4,000 in statutory damages, as authorized by the Unruh Civil Rights Act, Cal. Civ. Code § 52(a), jointly and severally against the defendants" where defendants owned non-compliant café); Hopson v. Singh, 2019 WL 4298040, *5 (E.D. Cal. 2019) (same, where multiple defendants owned non-compliant gas station).  Because the defendants in this case would be jointly and severally liable, any renewed motion for default judgment must address the distribution of damages between the defaulting and settling defendants.

The denial of the present motion should be without prejudice.  Plaintiff may request entry of default pursuant to Fed. R. Civ. P. 55(a) at any time, and bring a renewed motion for default judgment.  The renewed motion should brief the issue of distribution of damages.

### IV.    CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment against defendant Chauhan, ECF No. 54, should be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4